UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| PATRICIA ANN EDMONDS, | ) | |
|     PLAINTIFF, | ) | Case No. 1:21-cv-11 |
| | ) | |
| vs. | ) | |
| | ) | FIRST AMENDED |
| | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| CARELINX, INC and SHERWIN SHEIK, | ) | |
| Individually and in his Corporate Capacities; | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

COMES NOW the Plaintiff, Patricia Ann Edmonds (hereinafter Ms. Edmonds), by and through her attorney Gregory F. Greiner, and for this cause of action against Carelinx, Inc. (hereinafter Carelinx) and Sherwin Sheik (hereinafter Mr. Sheik), Individually and in his Corporate Capacities, states as follows:

### INTRODUCTION

1. This is a complaint that involves allegations under Iowa Civil Rights Act, Iowa Code Chapter 216, *et. seq.*, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et. seq.* ("ADEA") and associated claims involving Defendants' tortious actions.

2. Ms. Edmonds is and was at all times material hereto a citizen and resident of Newhall, Benton County, Iowa.

1

3. Carelinx conducts business in Iowa as a foreign profit corporation, and has its primary place of business in Burlingame, California, with an office location in Cedar Rapids, Iowa.

4. Upon information and belief, Mr. Sheik is and was at all times material hereto a resident of California, is a Co-Founder of Carelinx that has a supervisory or managerial role at Carelinx, and who personally participated in the unlawful actions set forth herein.

5. The amount in controversy exceeds the jurisdictional requirements of the United States District in and for the Northern District of Iowa.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

6. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

7. Ms. Edmonds filed timely charges of discrimination against the Defendants with the Iowa Civil Rights Commission on or about May 12, 2020.

8. On October 8, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to the Ms. Edmonds' charges which is attached hereto.

9. All conditions precedent to Ms. Edmonds' claims for relief have been performed or have occurred.

## FACTS

10. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

2

11. Ms. Edmonds worked for Carelinx from April 2015 until September 2019 as a director of client services and had a supervisory and managerial role at the Carelinx office located in Cedar Rapids, Iowa.

12. At the time of her constructive discharge on September 1, 2019, she was fifty-three years old.

13. In the early months of 2019, Ms. Edmonds notified the Defendants that she was diabetic and then later missed work due to a cardiac catherization procedure.

14. Ms. Edmonds was a Carelinx employee during its growth phase, and due to her tenure and work performance she was granted corporate stock options that were contingent upon her employment status, including whether she was a Carelinx employee for a specific period of time.

15. During her tenure at Carelinx, Ms. Edmonds was told by Mr. Sheik that Carelinx could not afford to pay her a higher salary but in exchange would provide the stock options as part of her compensation package.

16. In reliance of Mr. Sheik's promise, Ms. Edmonds accepted a lower salary that was not commensurate with her responsibilities, tenure, and performance at Carelinx.

17. In July 2019, Ms. Edmonds received a positive employment evaluation.

18. Soon thereafter, during the month of August 2019, Mr. Sheik and associated Co-Founder Mr. Dee subjected Ms. Edmonds to a series of hostile and adverse employment actions that were not in good faith or meant to protect Carelinx.

19. On August 14, 2019, Mr. Sheik accused Ms. Edmonds of favoritism in the Cedar Rapids office but would not provide Ms. Edmonds examples of her alleged misconduct, and his actions were not in good faith or meant to protect Carelinx.

20. On August 23, 2019, Mr. Sheik called a meeting with Ms. Edmonds and human resources representative, Ms. Delaney Lux, during which Mr. Sheik became enraged and accused Ms. Edmonds of using and allowing the use of illegal drugs during work hours without first investigating the matter, and his actions were not in good faith or meant to protect Carelinx.

21. Mr. Sheik further told Ms. Edmonds that she was creating a toxic work environment, was exposing the company to liability, and creating dissension amongst Carelinx employees, and his actions were not in good faith or meant to protect Carelinx.

22. Mr. Sheik threatened to "gut" the Cedar Rapids office and put all its employees out of work, and his actions were not in good faith or meant to protect Carelinx.

23. Mr. Sheik accused Ms. Edmonds of openly stating to Carelinx co-workers at the Cedar Rapids office that Carelinx was her company, and not his company, and his actions were not in good faith or meant to protect Carelinx.

24. Ms. Edmonds denied any personal misconduct and confirmed along with the human resources representative that there was no known drug misconduct at the Cedar Rapids office.

25. On August 28, 2019, Ms. Edmonds was again wrongfully criticized in front of other company employees by Carelinx Co-Founder Mr. Dee regarding her work performance in a company meeting, and his actions were not in good faith or meant to protect Carelinx.

26. Following that meeting, Ms. Edmonds was humiliated and shocked by the outrageous conduct of the company and its Co-Founders, and to cope with the shock she used leave to deal with her severe emotional distress and did not work on August 29th and 30th.

27. While Ms. Edmonds was absent, Mr. Sheik questioned the Cedar Rapids office employees specifically about Ms. Edmonds and her alleged drug use and associated office misconduct, and his actions were not in good faith or meant to protect Carelinx.

28. While on leave, Ms. Edmonds had a phone conference with human resources representative, Ms. Delaney Lux, where Ms. Edmonds complained about the discriminatory treatment and requested the company follow its grievance procedure to allow her a remedy.

29. She also communicated with her supervisor Rob Germain and complained about her treatment and requested the company follow its grievance procedure to allow her a remedy.

30. The Defendants took no actions to begin its grievance process in response to Ms. Edmonds' complaints, and Mr. Sheik's inaction was not in good faith or meant to protect Carelinx.

31. The Defendants took no action to address her grievances because they intended to cause Ms. Edmonds to resign and forgo her contractual rights to obtain her stock options, and Mr. Sheik's inaction was not in good faith or meant to protect Carelinx.

32. Ms. Edmonds became severely emotionally distressed by the Defendants' outrageous actions and decided to resign to avoid further hostile actions caused by the Defendants.

33. On September 1, 2019, following the series of adverse actions, Ms. Edmonds viewed her working conditions as intolerable and resigned her position with Carelinx.

34. The Defendants benefited by Ms. Edmonds' resignation because the intentional actions caused her to forgo her contractual rights to obtain the stock options and which allowed Mr. Sheik a greater amount of company assets, and his actions were not in good faith or meant to protect Carelinx, and Defendants also acted with the intent of forcing her to quit, and her resignation was a reasonably foreseeable result of their actions.

35. Ms. Edmonds was replaced by a younger employee, under the age of forty years, who was not entitled to obtain stock options valued in an amount that Ms. Edmonds had been promised.

36. Ms. Edmonds has been damaged financially and emotionally by the actions of the Defendants.

# **FIRST CAUSE OF ACTION: VIOLATION OF IOWA CIVIL RIGHTS ACT BASED UPON DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF AGE**

37. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

38. This claim is brought by Ms. Edmonds against Carelinx and Mr. Sheik for violations of the Iowa Civil Rights Act, Iowa Code Chapter 216, *et. seq.,* on the basis age discrimination in employment.

39. Ms. Edmonds was discriminated against based upon her age by the Defendants.

40. Due to Ms. Edmonds' age, she was a member of the covered age group.

41. Ms. Edmonds worked for the Defendants for over four years and was able to perform her required tasks.

42. Starting in the summer of 2019, Mr. Sheik and Mr. Dee subjected Ms. Edmonds to a hostile work environment and constructively discharged her in September of 2019.

43. Ms. Edmonds' age was a motivating factor for the harassment and constructive discharge.

44. But for Ms. Edmonds age she would not have been harassed or constructively discharged.

45. The hostile actions taken by the Defendants were done with the intent to harass her and cause a constructive discharge and were a pretext to hide age discrimination.

46. The Plaintiff's position was replaced with a younger female employee that was not part of a covered age group.

47. The Defendants acted with willfulness, malice, or reckless disregard to Ms. Edmonds' right not to be discriminated against on the basis of her age.

48. Because of the Defendants' actions, Ms. Edmonds has suffered injuries, to include but not limited liquidated damages for lost wages and benefits and future lost income and benefits.

WHEREFORE Plaintiff demands judgment against Carelinx and Mr. Sheik in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for prejudgment and post judgment interest, for attorney fees, including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## SECOND CAUSE OF ACTION: ADEA DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF AGE, CONSTRUCTIVE DISHARGE

49. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

50. This claim is brought by Ms. Edmonds against Carelinx for violations of the Age Discrimination in Employment Act of 1967, as amended.

51. Ms. Edmonds was discriminated against based upon her age by the Defendant.

52. Due to Ms. Edmonds' age, she was a member of the covered age group.

53. Ms. Edmonds worked for Carelinx for over four years and was able to perform her required tasks.

54. Starting in the summer of 2019, Carelinx's employees subjected Mr. Edmonds to outrageous actions, created a hostile work environment, caused her severe emotional distress, and constructively discharged her in September of 2019.

55. Ms. Edmonds' age was a motivating factor for the harassment and constructive discharge.

56. Carelinx and its employees engaged in outrageous actions that made the Ms. Edmonds' working conditions intolerable and caused her severe emotional distress.

57. The hostile actions taken by the Defendant were done with the intent to harass her and cause a constructive discharge and were a pretext to hide age discrimination.

58. But for the Ms. Edmonds' age, Carelinx and its employees would not have taken those actions.

59. The Defendant acted with the intent of forcing Ms. Edmonds to quit or alternatively her resignation was a reasonably foreseeable result of the Defendant's actions.

60. Ms. Edmonds' resignation was reasonable and a reasonable person in her situation would have deemed resignation the only reasonable alternative.

61. Ms. Edmonds' position was replaced with a younger female employee that was not part of a covered age group.

62. Carelinx acted with willfulness, malice or reckless disregard to Ms. Edmonds' right not to be discriminated against on the basis of her age.

63. Because of the Defendants' actions, Ms. Edmonds has suffered injuries, to include but not limited liquidated damages for lost wages and benefits and future lost income and benefits.

WHEREFORE Plaintiff demands judgment against Carelinx in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for prejudgment and post judgment interest, for attorney fees, including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the ADEA.

### THIRD CAUSE OF ACTION: DEFAMATION

64. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

65. Mr. Sheik defamed the Ms. Edmonds by making oral statements that were outrageous and false about the Plaintiff to her co-workers, to wit: that she was using illegal drugs and allowing illegal drug use at Carelinx.

66. The statements tended to injure Ms. Edmonds' reputation and injure her in the maintenance of her occupation.

67. The statements were made with actual malice because the Mr. Sheik made the statements with knowledge that they were false and with reckless disregard for their truth or falsity.

68. As a proximate cause of the Mr. Sheik's illegal actions, Ms. Edmonds has been damaged.

69. The damages exceed the jurisdictional limits of this action.

70. As a result of Mr. Sheik's acts and omissions, Ms. Edmonds has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, feelings of betrayal, intimidation, embarrassment, lost enjoyment of life, and lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE the Plaintiff demands judgment against Mr. Sheik in an amount which will fully and fairly compensate her for her injuries and damages, and for punitive damages in an amount sufficient to punish Defendant and to deter Mr. Sheik and others from similar behavior in the future, for prejudgment and post judgment interest, for attorney's fee and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances.

**FOURTH CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

71. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

72. The Mr. Sheik committed wrongs against Ms. Edmonds and said conduct was outrageous.

73. Mr. Sheik intentionally caused severe emotional distress and acted with reckless disregard of the probability of causing emotional distress, to wit: by making oral statements to Ms. Edmonds and her co-workers that she was using illegal drugs and allowing illegal drug use at Carelinx.

74. Ms. Edmonds suffered severe and extreme emotional distress.

75. Mr. Sheik's outrageous conduct was the cause of the emotional distress.

76. As a result of Mr. Sheik's acts, Ms. Edmonds has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, feelings of betrayal, intimidation, embarrassment, lost enjoyment of life, and lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE the Plaintiff demands judgment against Mr. Sheik in an amount which will fully and fairly compensate her for her injuries and damages, and for punitive damages in an amount sufficient to punish Defendant and to deter them and others from similar behavior in the future, for prejudgment and post judgment interest, for attorney's fee and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances.

## FIFTH CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH CONTRACT

77. Ms. Edmonds repleads the allegations set forth as if fully set forth herein.

78. Ms. Edmonds had a contract with Carelinx to obtain stock options.

79. Mr. Sheik knew of the contract.

80. Mr. Sheik would benefit personally if Ms. Edmonds were caused to forgo her contractual stock options because it would allow more company assets to be available for his use and benefit.

12

81. Mr. Sheik intentionally and improperly interfered with the contract by harassing and discriminating against Ms. Edmonds, defaming her with outrageous and intolerable conduct, threatening to gut the Cedar Rapids Carelinx office, to cause her to resign and effectively forgo her stock options.

82. The interference caused Ms. Edmonds to not to perform the contract and caused her performance of the contract to be more burdensome and expensive.

83. Mr. Sheik acted beyond the scope of any allegation of qualified immunity because his actions were not in good faith and were not meant to protect the company.

84. Discriminating against Ms. Edmonds because of her age, falsely accusing her criminal behavior in front of her co-workers, threatening to close down the office she managed, and confronting about having too much power in the company and creating dissension in her office, all show Mr. Sheik's motives.

85. Mr. Sheik's tortious actions cannot be viewed as behaviors meant to protect Carelinx and its interests and fall outside the scope of any alleged qualified immunity.

86. Ms. Edmonds has lost her right to obtain stock options with Carelinx in amount exceeding $50,000.00.

WHEREFORE in regard to the tortious interference with contractual relations, declare that Mr. Sheik's acts violated Ms. Edmonds' contractual rights and grant judgment in favor of Ms. Edmonds and award damages to include her benefits and value of her stock options, court costs, and reasonable attorney's fees.

## JURY DEMAND

87. Ms. Edmonds hereby requests a trial by jury.

By: /s/ *Gregory F. Greiner, AT0003094*
Attorney for Plaintiff
5550 Wild Rose Lane, Suite 400
West Des Moines, IA 50266
Phone: (515) 650-4399
Fax: (515) 650-4388
Email: greg@recovery-lawyers.com

## CERTIFICATE OF ERVICE

I hereby certify that on February March 4, 2021, I electronically filed the foregoing with the Clerk of the U.S. District Court, Northern District of Iowa, by using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

By: */s/ Gregory F. Greiner*